UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.                                             )<br>)<br>WILLIAM BATER,                      )<br>)<br>          Defendant        ) | Criminal No. 07-91-P-H |

ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE

Upon *de novo* review and after oral argument on April 3, 2008, I adopt the Magistrate Judge's recommended decision with one exception described below.

1.  On the motion to dismiss for prejudicial pre-indictment delay, I emphasize in particular the defendant's failure to show that the government delayed intentionally so as to gain a tactical advantage or harass him. Government agents and prosecutors had no reason to believe that the defendant would be unable to procure his nephew's attendance at any trial (given the previous relationship between the two and the defendant's previous ability to locate and produce this nephew), or that delay would make the defendant unable to do so. But I reject footnote 3. Phone numbers were appropriately redacted in affidavits for privacy reasons; I also reject the assertion that defense counsel carefully circumscribed the defendant's wife's testimony to avoid revealing whether

she knew where Phillips is; the government was also free to ask the defendant's wife, when she testified, if she knew where Phillips is.

2. On the motion to suppress, I adopt the Magistrate Judge's findings as well, and I agree with his credibility assessments after reading the entire transcripts and reviewing all the exhibits. Alternatively, the outcome on the suppression issue would be the same if I accepted the defendant's testimony that the gun case was on the floor under the bed, rather than just under the mattress, and that the defendant did not point it out to the troopers, but that after initially seeing two BB guns, "Trooper Hainey, who was on the floor on his hands and knees, looked under the bed again and pulled out Exhibit 4 (which has been identified a[s] the case which held the firearm seized that day)." Def.'s Objection to Proposed Findings and Recommended Dec. on Mot. to Suppress and Mot. to Dismiss 12 (Docket Item 64). It is clear that pursuant to the consent search to look for Phillips, the trooper was down on his hands and knees in Bater's bedroom, and had lifted the spread so that he could look under the entire bed to see if Phillips might be hiding there. Thus, he would inevitably see the large gun case and, although I agree with the defendant that he could not have been able to see the words "GUN GUARD" on the case under the bed, he could certainly identify it as a gun case. ("I'd consider it a hunting rifle case." Tr. 21.) Because Trooper Hainey already knew that the defendant was a convicted felon not permitted to possess guns, and had already engaged the defendant in conversation on that score, he then had probable cause to remove the gun case from under the bed and to open it whether or not the defendant gave permission.

I also draw no significance from the Magistrate Judge's statement that the search was not "explicitly limited" to a search for Phillips. Whether the consent was explicit or not, that was the scope of the search, and the search under the bed was pursuant to that consent.

The defendant's motions to dismiss and to suppress are **DENIED**.

**SO ORDERED.**

**DATED THIS 7TH DAY OF APRIL, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**