UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 2:07-cr-91-DBH |
| ) | |
| WILLIAM F. BATER, ) | |
| ) | |
| Defendant ) | |

ORDER ON PETITION TO VACATE SENTENCE ENHANCEMENT

The defendant William Bater has filed a pro se motion that he calls "Petition to Vacate Unauthorized Sentence Enhancement" (ECF No. 143). The motion challenges Bater's designation as an armed career criminal under 18 U.S.C. § 924(e). Although the jurisdictional basis for the petition is problematic,[1] Bater's petition fails in any event.

Bater appears to contend that his designation as an armed career criminal was improper under the Supreme Court's holding in Begay v. United States, 553 U.S. 137 (2008), and that "[a] post-conviction change in the law [ostensibly Begay] has rendered the sentencing court's decision unlawful." Pet. to Vacate Unauthorized Sentence Enhancement at 1. But the Supreme Court

---

[1] Bater invokes this court's authority under the All Writs Act, 28 U.S.C. § 1651, and further explains that his claim "eludes the provisions of § 2255 and § 2241," such that he "has no other remedy at law." Pet. to Vacate Unauthorized Sentence Enhancement at 2. He also claims that he "is not attacking his sentence or conviction, but rather the Court's jurisdiction to enter a sentence enhancement based on the Armed Career Criminal Act." Id.

decided Begay on April 16, 2008; I sentenced Bater over five months later, on September 23, 2008. Thus, Begay was not a post-conviction change in the law.

The crux of Bater's argument is that I "failed to take the 'cat[e]gorical approach' to determine whether or not Bater's prior state convictions qualified as predicate 'crimes of violence' for purpose of enhancement under the Armed Career Criminal Act," Pet. to Vacate Unauthorized Sentence Enhancement at 2, and instead "merely adopted the Presentence Report[']s findings concerning Bater's prior convictions," id. at 3. But Bater never objected to the presentence report's designation of his prior convictions as "violent felonies"; indeed, at sentencing his lawyer admitted that "the law is very clear" that his past convictions were "predicates for the armed career criminal provision," Sentencing Tr. at 22:21-23 (ECF No. 131). Even now Bater does not assert that his prior convictions were not violent felonies, only that it was improper for me to adopt the presentence report's findings without independently reviewing the legal definitions of the predicate crimes. But under Local Rule 132(d), which provides that "[e]xcept with regard to any unresolved objection . . . the PSR may be accepted by the Court as accurate," I was entitled to accept the presentence report's findings. Cf. United States v. Turbides-Leonardo, 468 F.3d 34, 38 (1st Cir. 2006) ("[G]iven the appellant's ready acquiescence in the characterization of his earlier conviction as a drug trafficking offense, few prosecutors would have felt a need to bring in the original record of conviction and few judges would have felt a responsibility to probe the point more deeply. . . . All things considered, we think that what transpired here amounted to a waiver.").

2

Furthermore, although Bater brought a direct appeal after his conviction, see United States v. Bater, 594 F.3d 51 (1st Cir. 2010), he did not challenge any aspect of his sentence on appeal. Because Bater has shown no cause for his failure to raise this issue on appeal, his present claim is barred regardless of whether I treat it as a § 2255 motion or as a petition for coram nobis under the All Writs Act. See United States v. Frady, 456 U.S. 152, 165-68 (1982) (stating that "a collateral challenge may not do service for an appeal" and requiring a showing of "cause and actual prejudice" to overcome a procedural default under § 2255); Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993) (holding that coram nobis relief requires, *inter alia*, "an explanation of why a coram nobis petitioner did not earlier seek relief from the judgment" (citations omitted)).

Bater's petition to vacate his sentence enhancement is therefore **DENIED.**

**SO ORDERED.**

**DATED THIS 5TH DAY OF JUNE, 2013**

                                              /S/D. BROCK HORNBY
                                              **D. BROCK HORNBY**
                                              **UNITED STATES DISTRICT JUDGE**